IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Regan T. James, | ) | C/A No. 3:17-491-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Stephen Benjamin, *in his official and individual capacities*; Daniel Hood, *in his official and individual capacities*; Jeffery Kraft, *in his official and individual capacities*; Robert Webb, *in his official and individual capacities*; John Doe 1, *in his official and individual capacities*; John Doe 2, *in his official and individual capacities*; John Doe 3, *in his official and individual capacities*; John Doe 4, *in his official and individual capacities*; John Doe 5, *in his official and individual capacities*; John Doe 6, *in his official and individual capacities*; G.M. Gates, *in his official and individual capacities*; Rafael Rodriguez, *in his official and individual capacities*; Rueben Santiago, *in his official and individual capacities*; Melron Kelly, *in his official and individual capacities*; Skip Holbrooke, *in his official and individual capacities*; W. Mike Hemlepp, Jr., *in his official and individual capacities*; Teresa Wilson, *in her official and individual capacities*; City of Columbia, South Carolina; Walmart Corporation, *Private Entity*; David Fultz, *in his official and individual capacities*; Jimmy Sherman, *in his official and individual capacities*; E.L. Sutton; Robert Allman; Jarod D. Glover, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

PJG

The plaintiff, Regan T. James, a self-represented litigant, filed this civil rights action against the named defendants pursuant to 42 U.S.C. §§ 1983 & 1985. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) on the defendants' motion to dismiss the complaint as a sanction for James's failure to appear at his deposition. (ECF No. 204.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised James of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 205.) James responded in opposition to the defendants' motion (ECF No. 226), and the defendants replied (ECF No. 227). Having reviewed the parties' submissions and the applicable law, the court concludes that the sanction of dismissal is not appropriate at this time and orders lesser sanctions with leave for the defendants to renew their motion if appropriate.

**BACKGROUND**

James initiated this action against the defendants in February 2017. The court issued a scheduling order, which was subsequently amended, setting a deadline of February 4, 2018, by which the parties were to conduct discovery. (ECF No. 134.) In January 2018, the defendants moved for a sixty-day extension of the discovery deadline, in part due to several pending motions to dismiss. (ECF No. 179.) James responded, agreeing that it would be best if the motions to dismiss were resolved, but requesting the discovery deadline be extended 180 days. (ECF No. 183.) On February 13, 2018, the court entered a docket text order suspending all deadlines in the Amended Scheduling Order until resolution of the pending motions to dismiss. (EF No. 192.)

The defendants state in their motion that they unsuccessfully attempted to contact James in December 2017 in an attempt to schedule his deposition. (Defs.' Mem. Supp. Mot. to Dismiss, ECF

No. 204-1 at 2.) They then noticed James's deposition for February 23, 2018, at the law offices of Sowell, Gray, Robinson, Stepp & Laffitte, LLC in Columbia, South Carolina at 10:00 a.m., and notice of the deposition was sent to James at his address of record in this case as well as to the email address he had used to communicate with counsel for the defendants. (Id. at 2-3; ECF Nos. 204-2 & 204-3.) James failed to appear for his deposition and did not make any attempt to communicate with the defendants' counsel regarding his failure to appear or to reschedule the deposition. Accordingly, the defendants subsequently moved to dismiss for James's failure to attend his deposition. (ECF No. 204.)

**DISCUSSION**

**A.     Applicable Standards**

Rule 37 of the Federal Rules of Civil Procedure authorizes the court to enter orders compelling discovery and to impose an array of sanctions for a party's failure to comply with such orders. If a party fails to obey an order to provide or permit discovery, the court may issue an order "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A). A party's failure, after being served with proper notice, to attend his own deposition or respond to discovery may be sanctioned by the court as provided in Rule 37(b)(2)(A). Fed. R. Civ. P. 37(d)(1), (3). Similarly, Rule 41(b) provides that a complaint may be dismissed for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure or an order of the court. Fed. R. Civ. P. 41(b); see Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989).

When exercising its discretion to impose sanctions under Rule 37, a court should consider: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of

the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs. Inc., 872 F.2d 88, 92 (4th Cir. 1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to apply four factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant due to the delay; (3) the history of the plaintiff in proceeding in a dilatory manner; and (4) the effectiveness of sanctions less drastic sanctions than dismissal. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978). "Courts have held that because the standard for dismissals under Fed. R. Civ. P. 37 is virtually identical to that for dismissal for failure to prosecute under Fed. R. Civ. P. 41, 'the Court can combine its analysis of the question whether dismissal is appropriate under' both Rules." Woods v. Wells Fargo Bank, N.A., C/A No. 3:10-3160-SVH, 2012 WL 601872, at *3 (D.S.C. Feb. 23, 2012) (citation omitted).

**B.     Defendants' Motion to Dismiss**

The defendants seek dismissal of this action due to James's failure to appear to testify at his deposition. (ECF No. 204.) In the alternative, they seek reimbursement from James for the costs and attorneys fees incurred as a result of his failure to appear and for an order compelling James to submit to a deposition at his own expense. (Id.)

In response to the defendants' motion, James argues that the defendants' attempt to depose him contradicted their filings in which they indicated that they wished to resolve the pending motions to dismiss and service issues before deposing James. James concedes that he received the defendants' deposition notice, but argues that because the notice was "so contrary to the [defendants'] court filings," he concluded that the notice was "some type of trickery or deceit." (Pl.'s Resp. Opp'n, ECF No. 226 at 5, 8.) James also argues that, since the deposition was noticed by only

the attorney for some of the defendants, he did not want to attend because he might still have to be deposed by the other attorneys, resulting in him being deposed multiple times. (Id. at 7-8.)

Here, James has not identified any deficiency with the defendants' Notice of Deposition. The defendants note that they were unable to reach or receive any response from James regarding scheduling his deposition; thus, the time and date of the deposition were not mutually agreed upon. It is also clear that James was aware of the date, time, and location of the deposition, and that he choose to not attend his deposition without any notification to the defendants. Accordingly, the court is not persuaded by James's arguments and finds that James, despite his acknowledgment that he received the notice, failed to attend his deposition.

Although *pro se* litigants are entitled to some deference from courts, see, e.g., Haines v. Kerner, 404 U.S. 519 (1972), they are nonetheless subject to the same requirements and respect for court orders as other litigants. See Ballard, 882 F.2d at 96. Considering the factors established by the United States Court of Appeals for the Fourth Circuit, the court concludes that James has exhibited bad faith by failing to appear to testify at his deposition. The prejudice caused to the defendants by James's noncompliance is two-fold: not only did the defendants incur expenses and expend significant time in attempting to take James's deposition, but the defendants were not able to depose James, thereby hindering the defendants' ability to defend themselves against the allegations brought by James in his Complaint. Additionally, because of the importance of discovery to any litigation, the need for deterrence of James's conduct—that is, bringing a lawsuit against defendants and then refusing to participate in the discovery process in accordance with the Federal Rules of Civil Procedure—is great.

PJG

Nonetheless, the court finds that other relevant factors discussed above weigh against outright dismissal of James's complaint at this time. Although James's failure to appear for his deposition was unjustified, it is apparently the first instance of any failure to cooperate in the discovery process on his part during this litigation. Moreover, in light of the court's order suspending the discovery deadline in this matter, as well as the multiple statements in the defendants' filings indicating their preference to resolve the pending motions to dismiss prior to deposing James, he may reasonably have been confused by the defendants' apparent change of plan.[1] Finally, other sanctions available under Rule 37 less drastic than dismissal may address James's noncompliance. Accordingly, it is

**ORDERED** that the defendant's motion as to monetary sanctions is **GRANTED IN PART**. The defendants shall file an affidavit of their reasonable *expenses* associated with the February 2018 deposition. It is further

**ORDERED** that James **APPEAR** for a deposition at a time and place pursuant to notice by the defendants in accordance with the Federal Rules of Civil Procedure but no later than **July 31, 2018**. It is further

**ORDERED** that the remainder of defendant's motion is **DISMISSED** with leave to refile if James does not comply. James's failure to comply may result in further sanctions pursuant to Rule 37(b), including but not limited to dismissal of the case.

---

[1] The court notes, however, that James could have easily remedied such confusion by contacting counsel for the defendants, and that such communication between parties is encouraged so that court intervention is not required.

**IT IS SO ORDERED.**

June 29, 2018                                      Paige J. Gossett
Columbia, South Carolina            UNITED STATES MAGISTRATE JUDGE