IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Regan T. James, | ) |
|                Plaintiff, | ) C/A No. 3:17-cv-491-MBS-PJG |
| v. | ) |
| | ) **OPINION AND ORDER** |
| Stephen Benjamin, *in his official and individual capacities*; Daniel Hood, *in his official and individual capacities*; Jeffery Kraft, *in his official and individual capacities*; Robert Webb, *in his official and individual capacities*; John Doe 1, *in his official and individual capacities*; John Doe 2, *in his official and individual capacities*; John Doe 3, *in his official and individual capacities*; John Doe 4, *in his official and individual capacities*; John Doe 5, *in his official and individual capacities*; John Doe 6, *in his official and individual capacities*; G.M. Gates, *in his official and individual capacities*; Rafael Rodriguez, *in his official and individual capacities*; Rueben Santiago, *in his official and individual capacities*; Melron Kelly*, in his official and individual capacities*; Skip Holbrook, *in his official and individual capacities*; W. Mike Hemlepp, Jr., *in his official and individual capacities*; Teresa Wilson, *in her official and individual capacities*; City of Columbia, South Carolina; Walmart Corporation, *Private Entity*; David Fultz, *in his official and individual capacities*; Jimmy Sherman, *in his official and individual capacities*; E.L. Sutton; Robert Allman; Jarod D. Glover, | ) |
|                Defendants. | ) |

1

On February 21, 2017, Plaintiff Regan T. James ("Plaintiff"), filed this civil rights action pro se against Stephen Benjamin (Mayor of Columbia, South Carolina); Daniel Hood, Jeffrey Kraft, Robert Webb, John Doe 1, John Doe 2, John Doe 3, John Doe 4 (City of Columbia Police Department employees);John Doe 5 (City of Columbia, South Carolina employee); John Doe 6, G.M. Gates, Rafael Rodriguez, Rueben Santiago, Merlon Kelly, Skip Holbrook (City of Columbia Police Department employees); W. Mike Hemlepp, Jr. (Assistant City Attorney); Teresa Wilson (City Manager of Columbia, South Carolina); City of Columbia, South Carolina; Walmart Corporation; David Fultz[1]; Jimmy Sherman (private citizen); E.L. Sutton, Robert Allman, and Jarod D. Glover (City of Columbia Police Department employees). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff alleges that on February 20, 2014, he was gathering items from his BMW in a shopping center parking lot. ECF No. 143 at 8. Several police officers, including Defendants Kraft and Hood, drove up to Plaintiff, allegedly responding to a complaint that drug deals were occurring from a BMW in that parking lot. Id. After checking Plaintiff's identification and noticing a discrepancy between the two forms Plaintiff provided, the officers handcuffed Plaintiff and placed him in the back of their squad car. Id. at 11. The officers searched Plaintiff's car for drugs but found none. Id. at 11-12. The officers released Plaintiff and issued him a notice for trespassing on the shopping center property. Id. at 13-14. In response to this incident, Plaintiff made several complaints with both City of Columbia and City of Columbia Police Department ("CPD")

---

[1] Defendant Fultz, a former Wal-Mart employee who is now deceased, is represented by Defendant Wal-Mart Corporation's counsel.

officials. Id. at 17. Plaintiff sought to file charges against Defendant Jimmy Sherman, who allegedly alerted the CPD to the drug activity. Id. Plaintiff met with Defendant Webb on February 21, 2014 in order to do so; Defendant Webb refused to pursue the matter. Id. at 24.

Several items were stolen from Plaintiff's car on March 21, 2014. Id. The incident occurred in a Walmart parking lot in Columbia, South Carolina Id. Plaintiff filed a police report with Defendant Sutton of the CPD. Id. In his report, Plaintiff alleged that Defendant Sutton conspired with Defendant Fultz to conceal the identity of the alleged perpetrator, Defendant John Doe 6, by refusing to provide security footage from the day of the alleged incident. Id. at 25-29. Plaintiff alleges the perpetrator was a member of the CPD. Id.

Plaintiff filed a formal complaint with the CPD on March 10, 2015. Id. at 29. In his complaint, Plaintiff requested that the CPD assist him in obtaining the footage. Id. On January 14, 2016, Plaintiff attempted to correspond with Defendant Wilson, Defendant Benjamin, and the City Council. Id. at 30-31. In his correspondence, Plaintiff reiterated the complaints he had previously sent to other City employees and requested assistance from the named individuals. Id. Plaintiff filed this action on February 21, 2017, asserting claims of: 1) false arrest under 42 U.S.C. § 1983 against Defendants Hood and Kraft; 2) deliberate fabrication of evidence under the Fourteenth Amendment of the Constitution against Defendants Hood and Kraft 3) false arrest under 42 U.S.C. § 1983 against Defendants John Doe 1, Gates, Rodriguez, Santiago, John Doe 3, John Doe 4, John Doe 6, Kelly, Holbrook, Wilson, and Benjamin; 4) conspiracy to deny Plaintiff's civil rights under 42 U.S.C §§ 1983 and 1985 against Defendants John Doe 1, Gates, Webb, Rodriguez, Santiago, John Doe 3, John Doe 4, John Doe 5, Kelly, Holbrook, Wilson, Benjamin, Sherman; 5) unlawful search under 42 U.S.C. § 1983 against Defendants Kraft and Hood; 6) unlawful search under 42 U.S.C. § 1983 against Defendants John Doe 1, Gates, Rodriguez, Santiago, John Doe 3, John Doe

4, Kelly, Holbrook, Wilson, and Benjamin; 7) unlawful search under 42 U.S.C. § 1983 against Defendant John Doe 6; 8) unlawful search and seizure under 42 U.S.C. § 1983 against Defendants Webb, Holbrook, Wilson, and Benjamin; 9) conspiracy to deny Plaintiff's civil rights by failing to train and supervise under 42 U.S.C. §§ 1983 and 1985 against Defendants John Doe 2, Webb, Holbrook, Hemlepp, Wilson, Benjamin, and Fultz; 10) municipal liability for failure to train and supervise 42 U.S.C. § 1983 against Defendant City of Columbia, South Carolina; 11) private entity liability under 42 U.S.C. § 1983 against Defendant Wal-Mart Corporation; 12) unlawful search and seizure under 42 U.S.C. § 1983 against Defendant Sutton; 13) racial discrimination, violations of the Fourteenth Amendment of the Constitution, and violations of 42 U.S.C. § 1981 against Defendant City of Columbia, South Carolina; and 14) racial discrimination and violations of the Fourteenth Amendment of the Constitution under 42 U.S.C. § 1983 against Defendant Wal-Mart Corporation.  Id.

On December 1, 2017, following Defendant Fultz's death, Defendant Wal-Mart's counsel, acting for Defendant Fultz, filed a motion to dismiss. ECF No. 146. In her motion, Defendant Fultz's counsel argues that the court lacks personal jurisdiction because Defendant Fultz was never properly served pursuant to Rule 12(b)(4) of the Federal Rules of Civil Procedure. Id. at 2. Specifically, Defendant Fultz's counsel asserts that Plaintiff never provided the U.S. Marshals correct information about where to serve Defendant Fultz, despite having multiple opportunities to do so. Id. at 5. On December 4, 2017, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge issued an order advising Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately. ECF No. 147.

Plaintiff filed a response on January 18, 2018. ECF No. 180. Plaintiff asserts that he could not be sure Defendant Fultz was actually deceased. Id. at 3. Plaintiff asserts that Defendant Fultz's

4

counsel should have submitted a statement of death, officially notifying all parties that Defendant Fultz had died. Id. at 4. Plaintiff asserts that once Defendant Fultz's attorney submits such a statement, he will have 90 days to substitute the proper entity for Defendant Fultz. See Fed. R. Civ. P. 25(a)(1). Plaintiff states that he intends to substitute a proper party. Id.

Counsel for Defendant Fultz responded on January 25, 2018. ECF No. 181. Counsel asserts that Plaintiff received ample notice of Defendant Fultz's death through the U.S. Marshal and the court's record. Id. at 2. Further, Defendant Fultz's counsel argues that because Defendant Fultz was never properly served, he is not actually a party to the lawsuit, thus making Rule 25 inapplicable. Id. at 4. In the alternative, counsel argues that even if Defendant Fultz actually is a party, it would not be the responsibility of his attorneys to file a statement noting death. Id. at 4-5.

On December 11, 2017, Defendants Allman, Benjamin, Gates, Glover, Hemlepp, Rodriguez, Sutton, and Webb (the "City of Columbia Defendants") filed a motion to dismiss. ECF No. 156. These Defendants argue that they are not subject to liability under 42 U.S.C. § 1983. Id. at 2. Further, these Defendants argue that 42 U.S.C. § 1985 is inapplicable due to the intercorporate conspiracy doctrine. Id. at 3. Finally, Defendants Benjamin and Hemlepp argue that they are not liable under 42 U.S.C. § 1983 for failure to supervise, as they do not have supervisory roles over City of Columbia employees. Id. at 3. On December 12, 2017, the Magistrate Judge issued a second Roseboro order. ECF No. 157.

Plaintiff responded to the City of Columbia Defendants' motion on February 2, 2018. ECF No. 186. In his response, Plaintiff asserts that these Defendants "attempted to over simplify [their] actions" through their pleadings. Id. at 4. Plaintiff reasserts the allegations he made in his complaint, specifically noting that Defendant Benjamin "openly and obviously purports himself as separate, 'measure/pillar of CPD accountability' by posting a picture of himself and an

5

undeniable assurance to, 'the people/citizens of Columbia of his intent to hold the CPD accountable for their actions. . . .'" Id. at 10.

On January 15, 2018, Defendant Sutton filed a motion for summary judgment. ECF No. 171. In his motion, Defendant Sutton argues that there are no genuine issues of fact, as he did not falsely arrest or search Plaintiff. Id. at 2. Defendant Sutton further argues that he did not conspire with other Defendants to violate Plaintiff's rights. Id. Finally, Defendant Sutton argues that he is entitled to qualified immunity. Id. On January 16, 2018, the Magistrate Judge issued a Roseboro order advising Plaintiff of the summary judgment procedures. ECF No. 173.

Plaintiff filed a response on March 5, 2018. ECF No. 200. Plaintiff asserts that Defendant Sutton "lied" and created a false police report. Id. at 1, 14. Plaintiff further argues that discovery would be needed in order to determine if Defendant Sutton did in fact submit a false report. Id. at 6.

On July 2, 2018, the Magistrate Judge issued a Report and Recommendation, recommending that the motions of Defendants Fultz, Sutton, and the City of Columbia Defendants be granted. ECF No. 228. Pursuant to Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005), Plaintiff was advised of his right to file objections to the Report and Recommendation. ECF No. 228 at 16. Plaintiff filed an objection to the Report and Recommendation on July 19, 2018. ECF No. 237. This matter is now before the court for review of the Magistrate Judge's Report and Recommendation.

## II. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court reviews de novo only those

portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F. 3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Opriano v. Johnson, 687 F.2d 44, 77 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

#### A. Defendant Fultz

The Magistrate Judge recommended that Defendant Fultz be dismissed on the grounds that Plaintiff has not met his burden of showing Defendant Fultz has been served. ECF No. 228 at 8(citing Elkins v. Broome, 213 F.R.D 273, 275 (M.D.N.C. 2003)). Further, the Magistrate Judge determined that the Federal Rules of Civil Procedure do not obligate defendants to file a statement noting death in order to assist plaintiffs in perfecting service. Id. (quoting Fed. R. Civ. P. 25(a)(1) & (3)). Furthermore, the Magistrate Judge noted that because Plaintiff has not yet served Defendant Fultz, Defendant Fultz is not a party to the action. Id.

Plaintiff objects to the Report on the basis that "Defendant Fultz was properly served and would've had actual notice pursuant to Plaintiff's amended complaint had it not been for his death." ECF No. 237 at 7. Plaintiff also asserts that "Defendant FULTZ had notice of the original complaint(s) against him." Id. at 4. Further, Plaintiff claims that the Magistrate Judge should not have considered Defendant Fultz's attorney's motion to dismiss, as "Defendant FULTZ's attorney's privilege to act upon his behalf ceased with death." Id. at 3. Finally, Plaintiff reiterates

that he did not receive a "suggestion of death" proving that Defendant Fultz is indeed deceased. Id. at 7.

### B. City of Columbia Defendants

The Magistrate Judge recommended that the City of Columbia Defendants be dismissed in their official capacities on the grounds that Plaintiff failed to state a claim against them. ECF No. 228 at 9. Specifically, the Magistrate Judge held that Plaintiff failed to show that any of his rights were violated under 28 U.S.C. § 1983, and that these Defendants "worked in concert to deny Plaintiff his civil rights" as a successful claim under 42 U.S.C. § 1985(3) requires. Id. at 11 (citing Wright v. Collins, 766 F. 2d 841, 850 (4th Cir. 1977); A Soc'y Without A Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011)).

Plaintiff makes no objection to the Magistrate Judge's Report as to these Defendants.

### C. Defendant Sutton

The Magistrate Judge recommended that Defendant Sutton's motion for summary judgment be granted on the grounds that Plaintiff failed to present any evidence Defendant Sutton was personally involved in an unlawful search and seizure or conspiracy against Plaintiff. ECF No. 228 at 14 (citing Thompson v. Potomac Elec. Power Co.. 312 F. 3d 645, 649 (4th. Cir. 2002)).

Plaintiff objects to the Magistrate Judge's Report on the grounds that the Magistrate Judge "did not view the plaintiff's facts in the proper light and did not take the reasonable inferences favoring the plaintiff." ECF No. 237 at 7. Plaintiff continues to allege that Defendant Sutton submitted a "SHAM affidavit to (the Magistrate Judge)." Id. at 8-9. Plaintiff also objects on the ground that summary judgment is premature, as Plaintiff "currently has a pending discovery requests (sic). . . ." Id. at 11. Plaintiff claims that "Defendant SUTTON may be directly implicated directly through/ in pending discovery which Plaintiff specifically requested. . . ." Id. at 12.

## IV. ANALYSIS

### A. Defendant Fultz

As an initial matter, because Plaintiff expresses doubt that Defendant Fultz is actually deceased, the court finds that, based on the representations of counsel and other evidence in the record, Defendant Fultz is indeed deceased. Plaintiff contends that a statement noting death is needed to proceed in this action. A statement noting death is not a requirement for a party wishing to make a motion to substitute a deceased party, as "a valid suggestion of death is not a precondition for a motion to substitute." Gothberg v. Town of Plainville, 305 F.R.D. 28, 21 (D. Conn. 2015)(quoting Hardy v. Kaszycki & Sons Contractors, Inc., 842 F. Supp. 713, 716 (S.D.N.Y. 1993)). Courts have found that decedents' attorneys are not the appropriate parties to file statements noting death. In essence, allowing such practice would side-step the interests of the party's successors, as they are not represented by the deceased's counsel. In Re Klein, 36 B.R. 390, 393 (1984). Thus, counsel for Defendant Futz were not obligated to provide a statement noting death.

The court now turns to the issue of service. It is well established that insufficient service of process deprives the court of personal jurisdiction over a defendant. See, e.g., Lemma v. Hispanic Nat'l Bar Ass'n, No. 17–2551 RDM, 2018 WL 3232350 (D.D.C. Jun. 29, 2018). Federal Rule of Civil Procedure 4 requires that service be accomplished on individuals by 1) personal service; 2) leaving a copy at the individual's usual dwelling place; or 3) delivering a copy to an agent authorized to receive service. Fed. R. Civ. P. 4(e)(1)(2). In this case, Defendant Fultz died prior to service of process. Fultz must therefore be served through a substitute party.

Rule 25 states that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. (a)(1). Rule 25 was designed "to prevent a situation in which a case is dismissed because a party never learned of the death of an opposing party." Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467, 469-70 (2d Cir. 1998).

Rule 25 requires that the deceased was a party to the lawsuit before his death. See Mizukami v. Buras, 419 F. 2d 1319, 1320 (5th Cir. 1969)("[T]he rule contemplates substitution for someone who had been made a party before his death."); Darmanchev v. Roytshteyn, 234 F.R.D 78, 80 (E.D. Pa. 2005)("Rule 25 clearly contemplates the death of one of the parties after the Complaint has been filed.").

The Magistrate Judge determined that an individual must be properly served to be considered a party to a lawsuit. ECF No. 228 at 9. The court disagrees. An individual is a party to a cause of action when he is named in the complaint. United States ex rel. Eisenstein v. City of New York, 556 U.S. 928, 933 (2009)(" "A 'party' to litigation is '[o]ne by or against whom a lawsuit is brought.'")(quoting Black's Law Dictionary 1154 (8th ed. 2004)).[2] The court finds that Defendant Fultz is a party who can be substituted by the proper party. As set forth in Rule 25

---

[2] "To make someone a party the plaintiff must specify him in the caption and arrange for the service of process. . . ." Collins v. Western Electric Co., C/A 1:80-cv-426-JPE-WES, 2011 WL 202276 at *1 (S.D. Ind. Jan. 14, 2011)(citing Myles v. United States, 416 F.3d 551 (7th Cir. 2005)). Because Plaintiff filed a complaint with the court, named Defendant Fultz in the case caption, and arranged for service to be effectuated, Plaintiff commenced a lawsuit against Defendant Fultz, making him a party.

10

(a)(3), and Rules 4 and 5, Plaintiff is granted until October 12, 2018, to file a motion for substitution.

### B. City of Columbia Defendants

In his objection to the Magistrate Judge's Report and Recommendation, Plaintiff did not specifically mention the City of Columbia Defendants' motion to dismiss. The court has thoroughly reviewed the record and is satisfied that there is no clear error on the face of the record. Diamond, 416 F.3d at 315.

### C. Defendant Sutton

The court shall grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. Rule 56(a). The moving party will be entitled to a judgment as a matter of law if the "nonmoving part has failed to make a sufficient showing on an essential element of her case." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Accordingly, "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." Id. at 323–24. The moving party must initially show that there is no genuine issue of material fact. Id. at 323. Once the movant has made this showing, the non-moving party must demonstrate specific, material facts that give rise to a genuine issue. Id. at 324. A "mere scintilla" of evidence is insufficient to overcome the summary judgment motion. Anderson v. Liberty Lobby, 477 U.S. 242, 252 (1986).

Plaintiff has provided no evidence that Defendant Sutton has submitted a "SHAM" affidavit, noting only that the affidavit is "filled with generalities." Id. at 8-9. Plaintiff also does not provide specific evidence to support his contention that the Magistrate Judge applied an

incorrect statement of review, stating simply that "this honorable courts' Magistrate appears to take the credibility of Defendant SUTTON's affidavit over the credibility of pleaded facts of the Plaintiff." Id. Plaintiff's objections here are general and conclusory. The court reviews general and conclusory objections for clear error. Opriano, 687 F.2d at 77. The court finds no such error.

Plaintiff's objections are without merit.

## V. CONCLUSION

The court ADOPTS the Magistrate Judge's Report and Recommendation in part and incorporates it herein by reference to the extent it is not inconsistent with the court's order. ECF No. 228. Defendants Allman, Benjamin, Gates, Glover, Hemlepp, Rodriguez, Sutton, and Webb's motion to dismiss is **GRANTED**. Defendant Sutton's motion for summary judgment is **GRANTED**. Defendant Fultz's motion to dismiss is **DENIED**. Plaintiff is granted leave to locate a proper party to substitute, no later than October 12, 2018.

The matter is hereby recommitted to the Magistrate Judge.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Dated: September 20, 2018

Columbia, South Carolina