IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Regan T. James, | ) | C/A No. 3:17-491-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Stephen Benjamin; Daniel Hood; Jeffery Kraft; | ) | **ORDER** |
| Robert Webb; G.M. Gates; Rafael Rodriguez; | ) | |
| Rueben Santiago; Melron Kelly; Skip | ) | |
| Holbrooke; W. Mike Hemlepp, Jr.; Teresa | ) | |
| Wilson; City of Columbia, South Carolina; | ) | |
| Walmart Corporation; David Fultz; Robert | ) | |
| Allman; Jarod D. Glover, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Regan T. James, a self-represented litigant filed this civil rights action *in forma pauperis* under 28 U.S.C. § 1915 against the named defendants.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) on motions filed by Defendants Allman, Benjamin, Gates, Glover, Hemlepp, Holbrooke, Hood, Kelly, Kraft, Santiago, Webb, Wilson, the City of Columbia (the "City of Columbia defendants"), and Defendant Walmart Corporation seeking dismissal of the complaint as a sanction for James's failure to cooperate in discovery. (ECF Nos. 322 & 345.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised James of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motions. (ECF Nos. 323 & 347.)

---

[1] Although James asserted claims against the individual defendants in both their official and individual capacities, the claims against Defendants Allman, Benjamin, Gates, Glover, Hemlepp, Rodriguez, Sutton, and Webb in their official capacities were dismissed pursuant to the court's order issued September 24, 2018. (ECF No. 284.)

James filed responses in opposition to the motions (ECF Nos. 342 & 361), and Defendant Walmart replied (ECF No. 362). Having reviewed the record presented and the applicable law, the defendants' motions should be denied.

## BACKGROUND

The following background is relevant for resolving the defendants' motions. Plaintiff's claims stem from an incident that occurred on February 20, 2014 in a Walmart shopping center in Columbia, South Carolina. (Am. Compl., ECF No. 143 at 8.) Plaintiff alleges he was gathering items in his BMW in the parking lot of the shopping center in the late morning, preparing to walk into a gym, when several police cars drove up to him. (Id.) The officers, including Defendants Kraft and Hood of the City of Columbia Police Department ("CPD"), told him they had received a complaint that someone was selling drugs out of a BMW in the same parking lot. (Id.) The officers checked Plaintiff's identification by looking at his driver's license and military identification, and based on a discrepancy between the forms of identification, handcuffed Plaintiff and put him the back seat of a police car for providing false information. (Id. at 11.) The officers asked to search Plaintiff's car, and Plaintiff refused, but the officers searched the car anyway. (Id. at 11-12.) The officers did not find any drugs or other contraband in Plaintiff's car. (Id. at 13.) The officers released Plaintiff and issued him a trespass notice for the shopping center. (Id. at 13-14.)

After the February 20th incident, Plaintiff made several formal and informal complaints to the City of Columbia and CPD. Plaintiff met with Defendant Rafael Rodriguez from CPD Internal Affairs to discuss the incident and complain about the way he was treated. (Id. at 17.) Rodriguez referred Plaintiff to a CPD regional headquarters where Plaintiff met with Defendant Gates of the CPD to raise the same complaints. (Id. at 19.)

Page 2 of 13

PJG

On March 21, 2014, several items were stolen from Plaintiff's BMW by Defendant John Doe 6 in a Walmart parking lot in Columbia. (Id.) Plaintiff called CPD to report the theft. (Id. at 25.) Plaintiff spoke with Defendant Sutton of the CPD who drafted a police report. (Id.) Plaintiff alleges Sutton conspired with the on-duty Walmart loss prevention officer to conceal the fact of the theft and the identity of John Doe 6 by filing a "false police report." (Id.) Plaintiff alleges he made various requests of Walmart and its employee, Defendant David Fultz, to obtain the security video footage of the store's parking lot, but he was never provided the video. (Id. at 25-29.)

On March 10, 2015, Plaintiff submitted a formal complaint to CPD about Walmart's refusal to provide Plaintiff with the security video, and requested assistance in obtaining it. (Id. at 29.) Defendant Hemlepp of the CPD sent Plaintiff correspondence that was "factually incorrect" and "impossible to believe." (Id. at 30.) On January 14, 2016, Plaintiff sent correspondence to Defendant City Manager Teresa Wilson, Defendant City of Columbia Mayor Steve Benjamin, and the rest of the city council recounting the complaints he had sent to various city employees and requesting assistance. (Id. at 30-31.) Plaintiff filed this action on February 21, 2017.

During the course of this litigation, James was initially noticed for a deposition for February 23, 2018. James failed to appear for his deposition and did not make any attempt to communicate with the defendants' counsel regarding his failure to appear or to reschedule the deposition. Accordingly, the defendants subsequently moved to dismiss this matter for James's failure to attend his deposition. (ECF No. 204.) The court ruled on June 29, 2018 that the sanction of dismissal was not warranted at that time, but ordered James to appear for a deposition no later than July 31, 2018. (ECF No. 229.) James subsequently appear to testify at his deposition scheduled on July 23, 2018. Following his deposition, James filed multiple extensions of time in which to file a motion for a

Page 3 of 13
PJG

protective order and to review the deposition transcript. Ultimately, James untimely filed an errata sheet and a privilege log. The defendants then filed the instant motions to dismiss, primarily arguing that James had not complied with the court's order regarding his deposition because James did not answer questions in compliance with Rule 26 of the Federal Rules of Civil Procedure.

## DISCUSSION

**A.     Applicable Standards**

Rule 37 of the Federal Rules of Civil Procedure authorizes the court to enter orders compelling discovery and to impose an array of sanctions for a party's failure to comply with such orders. If a party fails to obey an order to provide or permit discovery, the court may issue an order "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A). Similarly, Rule 41(b) provides that a complaint may be dismissed for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure or an order of the court. Fed. R. Civ. P. 41(b); see Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989).

When exercising its discretion to impose sanctions under Rule 37, a court should consider: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs. Inc., 872 F.2d 88, 92 (4th Cir. 1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to apply four factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant due to the delay; (3) the history of the plaintiff in proceeding in a dilatory manner; and (4) the effectiveness of sanctions less

*PJG*

drastic sanctions than dismissal. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978). "Courts have held that because the standard for dismissals under Fed. R. Civ. P. 37 is virtually identical to that for dismissal for failure to prosecute under Fed. R. Civ. P. 41, 'the Court can combine its analysis of the question whether dismissal is appropriate under' both Rules." Woods v. Wells Fargo Bank, N.A., C/A No. 3:10-3160-SVH, 2012 WL 601872, at *3 (D.S.C. Feb. 23, 2012) (citation omitted).

Under Federal Rule of Civil Procedure 11, a litigant presenting a pleading to the court certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the pleading is not presented for any improper purpose, the legal contentions are "warranted by existing law," and the factual allegations and denials of factual contentions are supported by the evidence. Fed. R. Civ. P. 11(b); see Morris v. Wachovia Sec., Inc., 448 F.3d 268, 277 (4th Cir. 2006) ("Factual allegations violate Rule 11(b)(3) when they are unsupported by any information obtained prior to filing.") (internal quotation mark omitted). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c). Available sanctions include "nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). In imposing Rule 11 sanctions, a court must describe the sanctioned conduct and explain the basis for imposing the sanction. Fed. R. Civ. P. 11(c)(6).

PJG

### B. Defendants' Motions to Dismiss

The defendants seek dismissal of this action due to James's failure to cooperate in discovery. (ECF Nos. 322 & 345.) In the alternative, the City of Columbia defendants move to compel, seeking expenses and attorney's fees and an order from the court directing James to respond appropriately to deposition questions and for the deposition to resume. (ECF No. 322-1 at 12-13.) Defendant Walmart alternatively seeks sanctions pursuant to Rule 11.

Pursuant to Rule 37, if a deponent fails to answer a question asked under Rule 30, a party may move for an order compelling the deponent to answer. Fed. R. Civ. P. 37(a)(1) & (a)(1)(3)(B)(i). Here, the defendants argue that James failed to comply with the court's prior order directing James to appear for his deposition. Specifically, they argue that, although James appeared for his deposition, he "asserted baseless objections throughout" and thus acted in bad faith. (City of Columbia Defs.' Mot. to Dismiss, ECF No. 322-1 at 3; Walmart's Mot. to Dismiss, ECF No. 345 at 4-5.) The defendants further argue that James's nondisclosures have prejudiced them by denying them access to information that appears to be material to James's claims. (Id.) They also argue that James has displayed a history of dilatory behavior, and that prior, less drastic sanctions have been ineffective. (Id.)

In response to the defendants' motions, James argues that the defendants' motions to dismiss are without merit and the City of Columbia defendants' motion to compel and to reconvene the deposition is untimely filed pursuant to Local Civil Rule 37.01 (D.S.C.). He argues that the discovery deadline in this case expired on August 13, 2018, and the defendants have not moved to suspend or extend this deadline.

*PJG*

1. **Sanction of Dismissal**

Although *pro se* litigants are entitled to some deference from courts, see, e.g., Haines v. Kerner, 404 U.S. 519 (1972), they are nonetheless subject to the same requirements and respect for court orders as other litigants. See Ballard, 882 F.2d at 96. In this instance, however, considering the factors established by the United States Court of Appeals for the Fourth Circuit, the court cannot conclude that James has exhibited bad faith to the degree argued by the defendants. The court has reviewed the full transcript of James's deposition, which is approximately 380 pages in length. (ECF No. 272-1.) The deposition lasted almost seven hours. While James made numerous questionable, unsupported, or inapplicable objections and claimed various, seemingly improper privileges over the course of his testimony which were undoubtedly frustrating for those deposing him, he also provided lengthy explanations of the events surrounding the allegations in his Amended Complaint. Moreover, James appears to have been courteous throughout the deposition and raised his objections in a nonargumentative manner. Thus, the court cannot say that James failed to comply with its order compelling him to submit to a deposition.

Furthermore, the defendants had various options under the Rules to timely obtain answers to their questions. For example, the defendants could have suspended the deposition pursuant to Rule 30(d) of the Federal Rules of Civil Procedure and contacted the assigned magistrate judge to resolve the matter telephonically, as outlined in Local Civil Rule 30.04(I), or the defendants could have filed an appropriate motion to compel after the conclusion of the deposition pursuant to Rule 37(a)(1) and Rule 37(a)(3)(B)(i).

While the defendants point to James's previous failure to attend his deposition as evidence of his history of dilatory behavior and to show that less drastic sanctions have been ineffective, the

*PJG*

court disagrees. As stated in its previous order, the court found that James had exhibited bad faith by failing to appear at his first noticed deposition, causing prejudice to the defendants; however, the court found that other relevant factors weighed against the sanction of dismissal at that time—including that the discovery deadline had been suspended and that the defendants had indicated their preference to resolve their pending motion to dismiss prior to deposing James. (ECF No. 229 at 6.) Thus, the court ordered James to pay reasonable expenses associated with the deposition and ordered him to appear for a deposition no later than July 31, 2018—the deposition at issue in the current motions. (Id.) By all indications, James complied with the court's order.[2] Additionally, the defendants argue that James has requested numerous extensions of time, thereby causing undue delay. While it is certainly true that James has sought frequent, multiple extensions in this case, it is not apparent from these filings that his reasons for seeking additional time rise to the level of dilatory conduct such that dismissal of his case is warranted.

The factor of prejudice does weigh in the defendants' favor, as they have now attempted to depose James on two occasions but profess that they still have not been able to obtain full testimony from James that may be relevant to the claims alleged by James in his Amended Complaint, thereby hindering the defendants' ability to defend themselves against those allegations. Additionally, the defendants incurred expenses and expended significant time in attempting to take James's deposition. However, weighing this factor against the other relevant factors and for the reasons discussed above, the court concludes that the sanction of dismissal is not warranted at this time.

---

[2] Although the court awarded the defendants reasonable expenses associated with the initial February 2018 deposition, Walmart has indicated that it did not incur any expenses (ECF No. 362), and the City of Columbia defendants have not, to date, filed any affidavit of expenses associated with the February 2018 deposition with the court as permitted by the court's July 2, 2018 order.

## 2. Alternate Relief

Finding that the sanction of dismissal of James's Amended Complaint is not warranted at this juncture, the court turns to the current status of this case and the alternate relief sought by the defendants.

### a. City of Columbia Defendants' Motion to Compel

Rules 26, 30, and 37 of the Federal Rules of Civil Procedure provide reciprocal provisions for obtaining a formal ruling by a court on a discovery objection. Under Rule 26, a party may claim privilege and move for a protective order, and under Rule 30, a party may move for an order terminating or limiting a deposition. Conversely, a party who believes an answer has been improperly refused may move for an order to compel under Rule 37.

James was deposed on July 23, 2018. Review of deposition transcript reveals a discussion on the record with James regarding his responsibility to seek a protective order for the numerous objections and privileges raised during his testimony. (James Dep. 19-20, ECF No. 272-1 at 20-21); see also Local Civil Rule 30.04(C) (D.S.C.) (asserting that when a witness refuses to answer a question during a deposition, the witness "shall move the court for a protective order under Fed. R. Civ. P. 26(c) or 30(d)(3) within seven (7) days of the suspension or termination of the deposition," and that "[f]ailure to timely file such a motion will constitute waiver of the objection, and the deposition may be reconvened"). Acknowledging this requirement and citing to Local Civil Rule 30.04 (D.S.C.), James twice moved for an extension of time in which to file such a motion. (ECF Nos. 244 & 255.) The court granted James's motions, extending his time to file a motion for a protective order until August 30, 2018. (ECF No. 256.) James failed to move for a protective order

within the time permitted.³ Accordingly, James has waived any objections raised during his deposition. See Local Civil Rule 30.04(C) (D.S.C.).

However, James's failure to move for a protective order does not automatically entitle the defendants to reopen discovery and reconvene James's deposition. Although Local Civil Rule 30.04(C) provides that a deposition *may* be reconvened after objections have been waived, the defendants did not seek to reconvene James's deposition within the allotted discovery period, nor did they seek an extension of the discovery deadline in which to do so.

Moreover, the defendants did not file a timely motion pursuant to Rule 37(a)(3)(B)(i), which provides that the defendants can move the court to compel a party to answer a question asked under a Rule 30 deposition. See Fed. R. Civ. P. 37(a)(3)(B)(i); 8A Charles A. Wright et al., Federal Practice and Procedure § 2113 (2019) ("If the witness refuses to answer a question to which objection has been made, the party that put the question may move under Rule 37(a)(3)(B)(i) for an order compelling the answer and the sanctions of Rule 37(a)(5) may be imposed against the losing party on such a motion."); 8B Charles A. Wright et al., Federal Practice and Procedure § 2289 (2019) ("Under Rule 37(a)(1), if a party or deponent whose deposition is being taken orally or on written interrogatories refuses to answer any question, the examination should be completed on other matters or adjourned, as the proponent of the question may prefer. Thereafter, on reasonable notice to all persons affected, the examiner may apply to the court for an order compelling the witness to answer."). The Local Rules of this court provide that motions to compel must be filed within twenty-one days from the date of the incomplete response or failure to respond. See Local Civil Rule

---

³ James's filings on November 8, 2018 entitled "Privilege Log" and "Errata Sheet for Deposition" were untimely filed and, therefore, the court will not consider them.



37.01 (D.S.C.). The City of Columbia defendants filed their motion on November 20, 2018 requesting the alternate relief of compelling James to respond appropriately and resume the deposition—several months after the conclusion of the July 23 deposition and the expiration of the August 13, 2018 discovery deadline. The City of Columbia defendants have provided no response to James's arguments on the timeliness of their motion, and they have not moved for an extension of time in which to file any motion to compel. Accordingly, their motion to compel is denied.

### b. Walmart's Motion Seeking Rule 11 Sanctions

Within its motion to dismiss, Walmart alternatively moves for sanctions pursuant to Rule 11 for James's repeated frivolous filings. (Walmart's Mot. to Dismiss, ECF No. 345 at 5-7.) Walmart argues that James "continues to rehash the same frivolous arguments the Court has already rejected in prior orders to make irrelevant points in his new filings." (Id. at 5.) Walmart further argues that James's dilatory and frivolous behavior has caused Walmart to incur additional expenses. (Id. at 6.)

Rule 11 specifically provides that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Additionally, Rule 11 provides a "safe harbor" provision in that "[a] party seeking sanctions under Rule 11 first must serve—but not file—the motion for sanctions upon the party against whom sanctions are sought . . . . If corrective action is taken, the question of sanctions becomes moot." 5A Charles Alan Wright, Arthur R. Miller, & A. Benjamin Spencer, Federal Practice and Procedure § 1337.2 (2018); Fed. R. Civ. P. 11(c)(2). Because Walmart has failed to comply with these procedural requirements, Walmart's Rule 11 request is denied without prejudice. See Brethren Mut. Ins. Co. v. Sears, Roebuck & Co., C/A No. WDQ-12-0753, 2014 WL 3428931 (D. Md. July 10, 2014) (denying the defendants' request for sanctions under Rule 11 without

prejudice because the defendants "combined their motion for Rule 11 sanctions with their motion for Rule 37 sanctions, their request to reopen discovery, and their motion for leave to file a third-party complaint, in violation of Rule 11(c)(2)") (citing Allie v. Whole Foods Mkt. Grp., Inc., 746 F. Supp. 2d 773, 778 (E.D. Va. 2010)); McQuatters v. Town of Irmo Corp., C/A No. 3:10-1375-CMC-PJG, 2012 WL 10662, at *2 (D.S.C. Jan. 3, 2012) (dismissing without prejudice Defendant's request for Rule 11 sanctions because the motion did not comply with the requirements of Rule 11); see also Brickwood Contractors, Inc., v. Datanet Eng'g, Inc., 369 F.3d 385, 389 (4th Cir. 2005) ("It is clear from the language of [Rule 11] that it imposes mandatory obligations upon the party seeking sanctions, so that failure to comply with the procedural requirements precludes the imposition of the requested sanctions.").

Notwithstanding the court's ruling on Walmart's motion, the court may *sua sponte* order a party to "show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). Mindful of James's *pro se* status in this matter, the court hereby directs James's attention to the requirements outlined in Rule 11(b), and warns the plaintiff that future frivolous filings may result in appropriate sanctions against him, including sanctions available under Rule 11.

Accordingly, it is

**ORDERED** that the defendants' motions are denied. It is further

**ORDERED** that all dispositive motions shall be filed on or before **July 25, 2019**.

PJG

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 26, 2019
Columbia, South Carolina