IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Regan T. James, | ) | |
| | ) | C/A No. 3:17-cv-491-MBS-PJG |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Stephen Benjamin, *in his official and individual capacities*; Daniel Hood, *in his official and individual capacities*; Jeffery Kraft, *in his official and individual capacities*; Robert Webb, *in his official and individual capacities*; John Doe 1, *in his official and individual capacities*; John Doe 2, *in his official and individual capacities*; John Doe 3, *in his official and individual capacities*; John Doe 4, *in his official and individual capacities*; John Doe 5, *in his official and individual capacities*; John Doe 6, *in his official and individual capacities*; G.M. Gates, *in his official and individual capacities*; Rafael Rodriguez, *in his official and individual capacities*; Rueben Santiago, *in his official and individual capacities*; Melron Kelly, *in his official and individual capacities*; Skip Holbrook, *in his official and individual capacities*; W. Mike Hemlepp, Jr., *in his official and individual capacities*; Teresa Wilson, *in her official and individual capacities*; City of Columbia, South Carolina; Walmart Corporation, Private Entity; David Fultz, *in his official and individual capacities*; Jimmy Sherman, *in his official and individual capacities*; E.L. Sutton; Robert Allman; Jarod D. Glover, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

1

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

This action was brought by Regan James ("Plaintiff") pursuant to 42 U.S.C. §§ 1981,1983, and 1985. Plaintiff alleges that on February 20, 2014, he was gathering items from his BMW in a shopping center parking lot. ECF No. 143 at 8. Several police officers, including Defendants Kraft and Hood, drove up to Plaintiff, allegedly responding to a complaint[1] that drug deals were occurring from a BMW in that parking lot. Id. After checking Plaintiff's identification and noticing a discrepancy between the two forms Plaintiff provided, the officers handcuffed Plaintiff and placed him in the back of their squad car. Id. at 11. The officers searched Plaintiff's car for illegal drugs but found none. Id. at 11-12. The officers released Plaintiff and issued him a notice for trespassing on the shopping center property. Id. at 13-14. In response to this incident, Plaintiff made several complaints with both the City of Columbia and the City of Columbia Police Department ("CPD") officials. Id. at 17. Plaintiff met with Defendant Webb with the CPD on February 21, 2014 in order to file charges against Defendant Jimmy Sherman, who allegedly alerted the CPD to the drug activity. Id. Defendant Webb declined to pursue the matter. Id. at 24.

Several items, including a laptop, were stolen from Plaintiff's car on March 21, 2014. Id. The incident occurred in a Walmart parking lot in Columbia, South Carolina. Id. Plaintiff filed a police report with Defendant Sutton with the CPD. Id. In his report, Plaintiff alleged that Defendant Sutton conspired with Defendant Fultz, a Wal-Mart loss prevention officer, to conceal the identity of the alleged perpetrator, Defendant John Doe 6, by refusing to provide security footage from the day of the alleged incident. Id. at 25-29. Plaintiff alleges the perpetrator was a member of the CPD. Id.

---

[1] Plaintiff refers to this complaint throughout the litigation as a 911 call.

Plaintiff filed a formal complaint with the CPD on March 10, 2015. Id. at 29. In his complaint, Plaintiff requested that the CPD assist him in obtaining the surveillance footage. Id. On January 14, 2016, Plaintiff sent a letter to Defendant Wilson, Defendant Benjamin, and the City Council. Id. at 30-31. In his correspondence, Plaintiff reiterated the complaints he had previously sent to other City employees and requested assistance. Id.

On February 21, 2017, Plaintiff, proceeding pro se, filed this civil rights action against Stephen Benjamin (Mayor of Columbia, South Carolina); Daniel Hood, Jeffrey Kraft, Robert Webb, John Doe 1, John Doe 2, John Doe 3, John Doe 4 (City of Columbia Police Department employees); John Doe 5 (City of Columbia, South Carolina employee); John Doe 6, G.M. Gates, Rafael Rodriguez, Rueben Santiago, Merlon Kelly, Skip Holbrook (City of Columbia Police Department employees); W. Mike Hemlepp, Jr. (Assistant City Attorney); Teresa Wilson (City Manager of Columbia, South Carolina); City of Columbia, South Carolina; Walmart Corporation; David Fultz (Wal-Mart employee); Jimmy Sherman (private citizen); E.L. Sutton, Robert Allman, and Jarod D. Glover (City of Columbia Police Department employees). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

In an amended complaint, filed on November 27, 2017, Plaintiff asserts claims of: 1) false arrest in violation of 42 U.S.C. § 1983[2] against Defendants Hood and Kraft; 2) deliberate fabrication of evidence in violation the Fourteenth Amendment of the Constitution against Defendants Hood and Kraft; 3) false arrest in violation of 42 U.S.C. § 1983 against Defendants John Doe 1, Gates, Rodriguez, Santiago, John Doe 3, John Doe 4, John Doe 6, Kelly, Holbrook,

---

[2] 42 U.S.C. § 1983 provides a vehicle through which plaintiffs can seek relief for violations of their civil rights by those acting under color of state law.

3

Wilson, and Benjamin; 4) conspiracy to deny Plaintiff's civil rights in violation of 42 U.S.C §§ 1983 and 1985[3] against Defendants John Doe 1, Gates, Webb, Rodriguez, Santiago, John Doe 3, John Doe 4, John Doe 5, Kelly, Holbrook, Wilson, Benjamin, and Sherman; 5) unlawful search in violation of 42 U.S.C. § 1983 against Defendants Kraft and Hood; 6) unlawful search in violation of 42 U.S.C. § 1983 against Defendants John Doe 1, Gates, Rodriguez, Santiago, John Doe 3, John Doe 4, Kelly, Holbrook, Wilson, and Benjamin; 7) conspiracy to deny Plaintiff's civil rights in violation of 42 U.S.C. § § 1983 and 1985 against Defendants John Doe 1, Gates, Webb, Rodriguez, Santiago, John Joe 3, John Doe 4, John Doe 5, Kelly, Holbrook, Wilson, Benjamin, and Sherman; 8) unlawful search and seizure in violation of 42 U.S.C. § 1983 against Defendant John Doe 6; 9) unlawful search and seizure in violation of 42 U.S.C. § 1983 against Defendants Webb, Holbrook, Wilson, and Benjamin; 10) conspiracy to deny Plaintiff's civil rights in violation of 42 U.S.C. § § 1983 and 1985 against Defendants John Doe 2, Robert Webb, Holbrook, Hemlepp, Wilson, Benjamin, and Fultz; 11) municipal liability in violation of 42 U.S.C. § 1983 against Defendant City of Columbia; 12) private entity liability in violation of 42 U.S.C. § 1983 against Defendant Wal-Mart; 13) unlawful search and seizure in violation of 42 U.S.C. § 1983 against Defendant Sutton; 14) race discrimination in violation of 42 U.S.C. § § 1981[4] and 1983

---

[3] The essential elements of a claim under 42 U.S.C. § 1985 are: "(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995).

[4] 42 U.S.C. § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." A claim under § 1981 "must be founded on purposeful, racially discriminatory actions." Spriggs v. Diamond Auto Glass, 165 F.3d 1015, 1018 (4th Cir. 1999).

against Defendant City of Columbia; and 15) race discrimination in violation of 42 U.S.C. § § 1981 and 1983 against Defendant Wal-Mart. ECF No. 143.

On December 1, 2017, Defendant Fultz's counsel filed a motion to dismiss.[5] ECF No. 146. Furthermore, on December 11, 2017, Defendants Allman, Benjamin, Gates, Glover, Hemlepp, Rodriguez, Sutton, and Webb filed a motion to dismiss in their official capacities. ECF No. 156. On January 15, 2018, Defendant Sutton filed a motion for summary judgment in his individual capacity. ECF No. 171.

The Magistrate Judge issued a Report and Recommendation on July 2, 2018, recommending that Defendants Fultz, Allman, Benjamin, Gates, Glover, Hemlepp, Rodriguez, Sutton, and Webb's motions to dismiss be granted. ECF No. 228. The Magistrate Judge also recommended that Defendant Sutton's motion for summary judgment be granted. Id.  Pursuant to Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005), Plaintiff was advised of his right to file objections to the Report and Recommendation. ECF No. 228 at 16. Plaintiff filed objections to the Report and Recommendation on July 19, 2018. ECF No. 237. On September 24, 2018, the court partially adopted the Magistrate Judge's Report and Recommendation, granting Defendants Allman, Benjamin, Gates, Glover, Hemlepp, Rodriguez, Sutton, and Webb's motion to dismiss; granting Defendant Sutton's motion for summary judgment; and denying Defendant Fultz's motion to dismiss in part, giving Plaintiff leave to locate a party to substitute for Defendant Fultz. ECF No. 284.

On November 20, 2018, Defendants Benjamin, Hood, Kraft, Webb, Gates, Santiago, Kelly, Holbrook, Hemlepp, Wilson, Sutton, Allman, and Glover, in their individual capacities, filed a motion to dismiss, or in the alternative a motion to compel expenses, attorney's fees, and sanctions

---

[5] Defendant Fultz died before Plaintiff could effectuate service upon him. ECF No. 146 at 3.

with payment as a condition precedent to the case continuing. ECF No. 322. These Defendants argued that Plaintiff failed to cooperate in the discovery process. Plaintiff filed a reply on January 10, 2019. ECF No. 342. On January 22, 2019, Defendant Wal-Mart filed a motion to dismiss as a sanction for Plaintiff's alleged failure to cooperate in the discovery process and for submitting allegedly frivolous filings. ECF No. 345. Plaintiff field a response in opposition on March 8, 2019. ECF No. 361. On June 26, 2019, the Magistrate Judge denied Defendants' motions, finding that Plaintiff appeared to be cooperative. ECF No. 364.

On August 19, 2019, Defendant City of Columbia filed a motion for summary judgment. ECF No. 380. Defendant City of Columbia asserts that Plaintiff cannot point to any evidence to support his race discrimination and conspiracy claims. Also on August 19, 2019, Defendants Wal-Mart and Fultz filed a motion for summary judgment and for dismissal. ECF No. 384. As to Defendant Fultz, counsel argues that Defendant Fultz was never served with process and should be dismissed from this action. Defendant Wal-Mart argues that Plaintiff cannot point to any evidence to support his race discrimination and conspiracy claims. Also on August 19, 2019, Defendants Allman, Benjamin, Gates, Glover, Hemlepp, Holbrook, Hood, Kelly, Kraft, Santiago, Webb, and Wilson in their individual capacities (the "individual Defendants")[6] filed a motion for summary judgment, arguing that Plaintiff failed to provide evidence to support his claims. ECF No. 385. On August 19, 2019, Plaintiff filed a motion for default judgment as to all Defendants. ECF No. 388. Plaintiff argues that Defendants spoiled evidence,[7] and default judgment would

---

[6] Defendant Rodriguez is considered an "Individual Defendant." However, he did not move for summary judgment, but moves to be dismissed for insufficient service of process. ECF No. 385-1 at 11 n.2.

[7] Plaintiff alleges that Defendant City of Columbia failed to preserve Jimmy Sherman's 911, call, failed to provide dashcam footage of Plaintiff's arrest, and failed to produce Defendants Sherman and Rodriguez. Plaintiff also alleges that Defendant Wal-Mart failed to preserve surveillance videos, failed to produce the identity of the loss prevention officer on duty when Plaintiff's car

serve as a proper sanction for the alleged spoliation. On December 10, 2019, the Magistrate Judge issued a Report and Recommendation recommending that Defendant City of Columbia, Defendant Wal-Mart, Defendant Fultz, and the Individual Defendants' motions for summary judgment be granted. ECF No. 439. On that same date, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's motion for default be denied. ECF No. 440. Pursuant to Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005), Plaintiff was advised of his right to file objections to the Reports and Recommendations. ECF No. 439 at 23; ECF No. 440 at 4. Plaintiff filed objections to each Report and Recommendation on January 13, 2020. ECF Nos. 447, 448. Defendant Fultz, Defendant Wal-Mart, and the Individual Defendants filed replies to Plaintiff's objections on January 27, 2020. ECF Nos. 451, 452.

## II. LEGAL STANDARDS

### A. Magistrate Judge Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court reviews de novo only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F. 3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Opriano v. Johnson, 687 F.2d 44, 77 (4th Cir. 1982). The court may accept, reject, or

---

was burglarized, failed to produce a store manager as a witness, failed to produce an incident report from the burglary of Plaintiff's car, and failed to produce its policy on sharing surveillance footage with third parties. ECF No. 440 at 1-2.

7

modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

**B. Summary Judgment**

The court shall grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. Rule 56(a). The moving party will be entitled to a judgment as a matter of law if the "nonmoving party has failed to make a sufficient showing on an essential element of her case." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Accordingly, "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." Id. at 323–24. The moving party must initially show that there is no genuine issue of material fact. Id. at 323. Once the movant has made this showing, the non-moving party must demonstrate specific, material facts that give rise to a genuine issue. Id. at 324. A "mere scintilla" of evidence is insufficient to overcome the summary judgment motion. Anderson v. Liberty Lobby, 477 U.S. 242, 252 (1986).

### III. DISCUSSION

**A. The Magistrate Judge's Report and Recommendation on the Defendants' Motions for Summary Judgment**

**1. Defendant Fultz**

The Magistrate Judge found that Defendant Fultz was not properly served with process, and that failure to properly serve a party with process "deprives the court of personal jurisdiction over a defendant." ECF No. 439 at 8 (citing Koehler v. Dodwell, 152 F.3d 304, 304 (4th Cir. 1998)). The Magistrate Judge noted that while the undersigned gave Plaintiff leave to locate a proper party to replace the deceased Defendant Fultz, Plaintiff never did so. Id. at 9. Accordingly, the Magistrate

Judge found that Plaintiff did not meet his burden of establishing that Defendant Fultz had been served and recommended that Defendant Fultz be dismissed from this action pursuant to Fed. R. Civ. P. 4(m).

### 2. Defendant Wal-Mart

As to Plaintiff's claim under 42 U.S.C. § 1981, the Magistrate Judge found that Plaintiff failed to provide any evidence that he had a contractual relationship with Defendant Wal-Mart, and that he failed to provide any evidence of any racially discriminatory actions taken by Defendant Wal-Mart against him. ECF No. 439 at 11. As to Plaintiff's 42 U.S.C. § 1983 claim, the Magistrate Judge found that Plaintiff failed to show Defendant Wal-Mart acted under color of state law. Id. at 12. Regarding Plaintiff's claim under 42 U.S.C. § 1985, the Magistrate Judge concluded that Plaintiff failed to prove that a conspiracy existed between the City of Columbia and Defendant Wal-Mart, as his allegations of such a conspiracy were merely conclusory. Id. (quoting A Soc'y Without A Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011)). The Magistrate Judge recommended that summary judgment be granted in favor of Defendant Wal-Mart because Plaintiff failed to provide evidence to support his claims.

### 3. Defendant City of Columbia

The Magistrate Judge found that Plaintiff's claims under 42 U.S.C §§ 1981 and 1985 fail because Plaintiff did not present evidence of a contractual relationship between himself and Defendant City of Columbia, and that he did not present any evidence of discriminatory action taken by Defendant City of Columbia. The Magistrate Judge specifically found that Plaintiff's discrimination allegations were "conclusory" and "unsupported by facts." Id. Furthermore, the Magistrate Judge found that the intercorporate conspiracy doctrine bars any claim that Defendant City of Columbia conspired with any City officials. Id. at 14 (quoting Buschi v. Kirven, 775 F.2d

9

1240, 1251 (4th Cir. 1985)). The Magistrate Judge also found that Plaintiff failed to provide evidence of any policy or custom that Defendant City of Columbia used to deprive Plaintiff of his civil rights, as is required to support a claim under 42 U.S.C. § 1983. Id. (citing Monell v. New York City Dept't of Soc. Servs., 436 U.S. 658, 694 (1978)(holding that in order to hold municipalities liable under 42 U.S.C. § 1983, a plaintiff must show that the municipality had a policy or custom that caused the plaintiff's constitutional injury). Specifically, the Magistrate Judge found that Plaintiff did not provide the court with an affirmative link between an alleged municipal policy or custom and the arrest that led to Plaintiff's discrimination claim. Id. at 15. The Magistrate Judge also found that Plaintiff's reference to two prior civil rights lawsuits filed against Defendant City of Columbia did not amount to a showing of a policy or custom. Id. at 16. The Magistrate Judge recommended that summary judgment be granted in favor of Defendant City of Columbia because Plaintiff failed to provide evidence to support his claims.

   **4. Individual Defendants**

The Magistrate Judge found that Defendant Rodriguez was not properly served with process[8] and should be dismissed from this action pursuant to Rule 4(m)[9] of the Federal Rules of Civil Procedure. ECF No. 439 at 16. In addition, the Magistrate Judge found that Plaintiff's conspiracy claim under 42 U.S.C. § 1985 as to the Individual Defendants was not supported by evidence. Id. at 17. The Magistrate Judge indicated that Plaintiff testified he based his allegations of a conspiracy on "'a suspicion.'" Id. The Magistrate Judge found that Plaintiff's claims under

---

[8] Plaintiff allegedly attempted to serve "Raphael L. Rodriguez" with process in Florida.
[9] Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time . . .[b]ut if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The Magistrate Judge found that Plaintiff did not show the required good cause for his failure to serve Defendant Rodriguez.

42 U.S.C. § 1983 were unfounded. As to Plaintiff's illegal search and seizure claim against Defendants Benjamin, Webb, Gates, Kelly, Holbrooke, Hemlepp, Wilson, Santiago, Allman, and Glover, the Magistrate Judge found that they did not have any personal involvement in Plaintiff's arrest and the search of his car, and that the doctrine of respondeat superior does not apply to § 1983 cases. Id. at 18 (quoting Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977)). As to Defendants Hood and Kraft, the Magistrate Judge found their arrest of Plaintiff was valid, and that they performed a valid search of his car and therefore did not violate Plaintiff's Fourth Amendment rights. Id. at 19-21. The Magistrate Judge also indicated that Plaintiff did not dispute Defendants Hood and Kraft's account of his detention. Id. at 21. The Magistrate Judge recommended that summary judgment be granted in favor of the Individual Defendants.

### 5. Plaintiff's Objections

Plaintiff filed thirteen objections to the Magistrate Judge's Report and Recommendation on the Defendants' motions for summary judgment. ECF No. 447. Plaintiff's objections are: 1) Defendants' motions "did not meet the initial burden required for the court to consider a grant of summary judgment;" 2) "the Court did not rule on Plaintiff's motion for sanctions for spoliation of evidence until after the Court ruled in favor for all three defendants' motion for summary judgment;" 3) the Magistrate Judge did not "consider Plaintiff's specific objections to Defendants' use of evidence which Defendants had destroyed and/or failed to preserve;" 4) the Magistrate Judge "improperly resolved factual issues at the summary judgment stage in relation to Plaintiff JAMES' material facts in dispute;" 5) "Material facts claimed to be, undisputed or in light most favorable to the Plaintiff, were not;" 6) The Magistrate Judge "unfairly placed an admissibility standard" on Plaintiff's evidence; 7) the Magistrate Judge erred in dismissing Plaintiff's racial discrimination and conspiracy claims "because Defendants have spoiled evidence;"8) "Plaintiff is

11

not alleging an official formal policy has been enacted, rather plaintiff clearly alleges a pattern or practice of conduct . . . ;" 9) "no conspiracy or supervisor liability charges should be dismissed until Defendants/ Witnesses RODRIGUEZ and SHERMAN are made available;" 10) "Statement of material facts in dispute not resolved, or resolved in favor of the Defendants;" 11) the Magistrate Judge's Report "did not recognize Plaintiffs objections to the use of evidence Defendants have destroyed or failed to produce;"12) "Defendants racial discrimination claims cannot be summarily dismissed because Defendants have spoiled evidence;" and 13) the Magistrate Judge's Report is "predicated on a very untrue fact which alone should have defendants' grant of summary judgment reversed." Id. at 1-31 (all errors in original).

### B. The Magistrate Judge's Report and Recommendation on Plaintiff's Motion for Default

The Magistrate Judge found that Plaintiff failed to provide any evidence that a recording of the alleged 911 call exists, or that Plaintiff properly requested it. ECF No. 440 at 2. The Magistrate Judge further found that Plaintiff failed to provide evidence that the dashcam video from his arrest exists. To the contrary, Defendants Hood and Kraft testified that no footage exists. Id. The Magistrate Judge also found that the witnesses that Plaintiff alleged Defendant City of Columbia did not produce are no longer employees of the City and were never properly served. Finally, the Magistrate Judge found that Plaintiff did not properly subpoena any surveillance footage or evidence from Defendant Wal-Mart. Id. Accordingly, the Magistrate Judge concluded that Plaintiff failed to satisfy the requirements of a spoliation claim. The Magistrate Judge recommended that the court deny Plaintiff's motion for default judgment.

Plaintiff filed eight objections to the Magistrate Judge's Report and Recommendation on Plaintiff's motion for default. ECF No. 448. They are as follows: 1) Plaintiff "adopts" objections

1-11 contained in his Objections to the Magistrate Judge's Report and Recommendation on Defendants' motions for summary judgment, ECF No. 447; 2) the Magistrate Judge used an improper standard of review to evaluate Plaintiff's spoliation of evidence claim; 3) the Magistrate Judge did not "list and consider all items Plaintiff requested he be awarded for a ruling for default/ sanctions based upon his motion;" 4) in reviewing a claim for spoliation of evidence, the evidence in question does not have to exist; 5) the Magistrate Judge weighed evidence in favor of the moving party; 6) parties do not have to be employees of an organization for a court to award an "adverse inference sanction" against them; 7) Plaintiff did not need to request a subpoena in order to receive surveillance footage from Defendant Wal-Mart; and 8) Defendant Wal-Mart has "withheld" discovery, and Defendant Wal-Mart therefore spoiled evidence. Id. at 1-25.

### C. Analysis

In his objection to the Magistrate Judge's Report and Recommendation on the Defendants' motions for summary judgment, Plaintiff did not specifically object to the Magistrate Judge's recommendation that Defendants Fultz and Rodriguez were insufficiently served with process and should be dismissed from this action. The portions of a Report and Recommendation to which no objections are filed are reviewed for clear error. The court has thoroughly reviewed the record and is satisfied that there is no clear error on the face of the record and concurs with the Magistrate Judge's recommendation. Diamond, 416 F.3d. at 315.

As to Plaintiff's remaining objections, Plaintiff merely reiterates claims he made throughout this action. Primarily, Plaintiff contends that the Magistrate Judge relied on "spoiled" evidence in order to reach her decision, and that the Magistrate Judge used an improper standard of review in evaluating Defendants' summary judgment claims and Plaintiff's spoliation claims.

13

Spoliation "'refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'" E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 803 F. Supp. 2d 469, 496 (E.D. Va. 2011)(quoting Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir.2001)). In evaluating spoliation claims, courts must complete a two-part test. First, the party alleging spoliation must show "that the adverse party had a duty to preserve documents or materials that may be relevant to the litigation or pending litigation." Id. The Fourth Circuit elaborated on the duty component of the test stating that "[a] party that anticipates litigation . . .is 'under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, and/or is the subject of a pending discovery request.'" Id. (quoting Samsung Elecs. Co. v. Rambus, Inc., 439 F.Supp.2d 524, 543 (E.D.Va.2006)). Next, if the reviewing court finds that a duty existed, it must "then consider whether the party breached this obligation, either by failing to preserve, or by destroying or altering, relevant materials or documents with a culpable state of mind." Id. at 497. "In the Fourth Circuit, any level of fault, whether it is bad faith, willfulness, gross negligence, or ordinary negligence, suffices to support a finding of spoliation." Id. In this case, Plaintiff fails to provide evidence that the alleged spoiled evidence in question ever existed. For instance, regarding Defendant Sherman's alleged 911 call, Plaintiff does not provide evidence to show that the call exists, nor does he provide evidence to show that he requested a tape recording of the alleged call. The same is true of any recordings of Plaintiff's arrest or any surveillance footage of the theft of Plaintiff's laptop that Defendant Wal-Mart may or may not have possessed. The only example of "spoiled" evidence that Plaintiff provides are exhibits entitled "non-preservations," which are documents that detail why Plaintiff thinks the "spoiled

14

evidence" in question exists. See, e.g ECF No. 448-29. Defendants have provided testimony that some of the evidence in question does not exist. Regarding the dashcam footage of Plaintiff's arrest that Plaintiff claims Defendants allegedly spoiled, Defendant Hood stated in a sworn affidavit that no such footage exists because he did not activate his patrol car's blue lights, which would have triggered a video recording, or his bodycam when he arrested Plaintiff. ECF No. 385-2 at 7. Based on this, the two-part test articulated in <u>E.I. du Pont de Nemours & Co.</u> would not be implicated, as that test involves evaluating evidence that actually exists or existed. Even if such evidence did in fact exist, and the <u>E.I. du Pont de Nemours & Co.</u> test were implicated, Plaintiff has not provided any evidence to show that Defendants: 1) anticipated litigation; 2) knew or had reason to know that any of the evidence Plaintiff mentioned would be relevant to the action; and 3) that Plaintiff made proper requests for the evidence. Plaintiff has therefore not demonstrated that a duty existed on behalf of the Defendants to preserve the alleged evidence. Furthermore, Plaintiff fails to provide any evidence to suggest that the Magistrate Judge relied on any spoiled evidence in reaching her decision to grant summary judgment in favor of the Defendants or that the Magistrate Judge employed an improper standard of review in evaluating Plaintiff's spoliation claims.

As to Plaintiff's claim that the Magistrate Judge applied an improper summary judgment standard, or made any "adverse inferences" against any evidence Plaintiff provided, Plaintiff sets forth no evidence to suggest that the Magistrate Judge improperly weighed evidence, nor does he provide evidence to show that the Magistrate Judge placed an improper evidentiary burden on him. As to Plaintiff's position that he did not need to obtain a subpoena to request surveillance footage from Defendant Wal-Mart, the court notes that Plaintiff requested this evidence before he filed suit, and therefore litigation discovery rules were not applicable at that time. ECF No.

384-1 at 2. As stated previously, it is unclear if such footage exists. Even if it did exist, the evidence in this case suggests that Defendant Wal-Mart provided Plaintiff with its procedure to obtain surveillance footage. However, Plaintiff has provided no evidence to show that he followed that procedure. ECF No. 451 at 4. Plaintiff stated that he only submitted "numerous . . . personal, in writing, and telephonic requests" to Defendant Wal-Mart for the footage. ECF No. 384-2 at 6. The court accordingly concludes that Plaintiff's objections are general and conclusory. The court has thoroughly reviewed the record and is satisfied that there is no clear error on the face of the record. Diamond, 416 F.3d. at 315.

## IV. CONCLUSION

The court **ADOPTS** the Magistrate Judge's Reports and Recommendations and incorporates them herein by reference. ECF Nos. 439, 440. Defendants Fultz and Rodriguez are hereby **DISMISSED** from this action without prejudice. Defendant City of Columbia, South Carolina's motion for summary judgment, ECF No. 380, is **GRANTED**. Defendant Wal-Mart's motion for summary judgment, ECF No. 384, is **GRANTED**. The Individual Defendants' motion for summary judgment, ECF No. 385, is **GRANTED.** Plaintiff's motion for default judgment, ECF No. 388, is **DENIED**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Dated: March__6__, 2020
Columbia, South Carolina